IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICHARD MORRISON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 7:14-CV-0205-HL-TQL |
| PAMELA J. ELLIS, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Plaintiff Richard Morrison, an inmate currently confined at Autry State Prison in Pelham, Georgia, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court has now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED**. See 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal; Plaintiff's Motion for the Appointment of Counsel (Doc. 5) is **DENIED**.

### I.   Motion to Proceed *in forma pauperis*

Plaintiff has requested leave to proceed in this action without prepayment of the filing fee. See 28 U.S.C. § 1915. After review of Plaintiff's application and trust account statement, Plaintiff's Motion will be **GRANTED** but only for the purposes of dismissal.

### II.   Motion for Appointment of Counsel

Plaintiff has also requested that counsel be appointed to assist him in prosecuting this case. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment

of counsel" in a § 1983 lawsuit. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff has filed a § 1983 *pro se* complaint on a standard form. The Court is now required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstances" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated; and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's Motion (Doc. 5) is accordingly **DENIED**.

### III. Preliminary Review of Plaintiff's Complaint

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his claims. See 28 U.S.C. § 1915A(a). For those reasons stated herein, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

#### A. Standard of Review

When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails

to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. See id. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B. Plaintiff's Complaint

Plaintiff's Complaint alleges that the court reporter in his 2011 state criminal case, Defendant Pamela J. Ellis, violated his constitutional rights through an "excessive and inordinate delay in the production and furnishing of [Plaintiff's] trial transcripts" which deprived Plaintiff "of any and all chances or opportunity for a fair and just and equal appellate process and/or motion for a new trial." Plaintiff was apparently convicted on July 28, 2011, and now, more than three years later, attempts to bring a § 1983 claim against Ellis for "negligence, deprivation of due process and equal protection, conflict of interest, and abuse of discretionary powers." Compl. at 5.

Plaintiff's cursory and conclusory allegations are, however, not sufficient to state any type of § 1983 claim against Defendant Ellis. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). The Complaint does not allege that Plaintiff made a timely request for a copy of his transcript before any motion or appeal was denied or that such a request was denied by Ellis. Plaintiff thus fails to allege any facts suggesting that Ellis' failure to provide him with a trial transcript was intentional or done with deliberate indifference to his constitutional

3

rights. The Complaint further fails to plead facts showing causation and actual injury. The Complaint does not state whether Plaintiff ever filed a post-conviction motion or notice of appeal, and if so, how the dismissal or denial of that motion or appeal can be attributed Defendant Ellis' conduct. Nor is there any information about Plaintiff's filing to show that it was non-frivolous. See Bryant v. Ruvin, 477 F. App'x 605, 607 (11th Cir. 2012) (affirming dismissal of claim where prisoner failed to provide sufficient information for the court to determine if the underlying claim was frivolous).

To the extent that Plaintiff is alleging that Ms. Ellis's failure somehow prevented him from filing a notice of appeal in his criminal case, his claim is now also time barred. In the State of Georgia, the statute of limitations for bringing a § 1983 claim is two-years. See Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 574, 102 L.Ed.2d 594 (1989), O.C.G.A. § 9-3-33. This limitations period begins to run when "the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Here, Plaintiff alleges that he was convicted on July of 28, 2011. In Georgia, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. See O.C.G.A. § 5-6-38(a). Plaintiff was thus aware – or should have been aware – that he was unable to file a notice of appeal thirty days after his conviction. See Salas v. Pierce, 297 F. App'x 874, 878 (11th Cir. 2008). Plaintiff's Complaint, however, was not mailed to this Court until December, 23 2014,[1] more than three years after his conviction. Any claim that Defendant impeded Plaintiff's ability to file a notice of appeal in 2011 is thus time-barred. Nothing in the Complaint suggests that the statute of limitations could be equitably tolled. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

---

1 A prisoner's complaint is generally deemed filed on the date he signs the document and delivers it to prison officials for mailing. See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

## IV.     Conclusion

Plaintiff has therefore failed to state a claim upon which relief may be granted; and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal; and his Motion for the Appointment of Counsel (Doc. 5) is **DENIED.**

**SO ORDERED** this 6th day of January, 2015.

*s/ Hugh Lawson*
Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

jlr